UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────

IVAN G. McKINNEY,

                Plaintiff,

        -against-

WARWICK NEW YORK VILLAGE POLICE
DEPT., et al.,

                Defendant.
───────────────────────────────

23-CV-10405 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge:

        The Court is in receipt of the Application to Request *Pro Bono* Counsel from *pro se* Plaintiff Ivan G. McKinney, dated April 17, 2024, requesting the appointment of *pro bono* counsel. (ECF No. 11.) For the reasons below, Plaintiff's request is DENIED.

        Unlike in criminal proceedings, the Court does not have the power to obligate attorneys to represent indigent *pro se* litigants in civil cases. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 308–09 (1989). Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, at its discretion, order that the Pro Se Office request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's *pro bono* panel. *See Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).

        The Second Circuit set forth the standards governing the appointment of counsel in *pro se* cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60–62 (2d Cir. 1986). These cases direct the district courts to "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and then, if this threshold is met, to consider "secondary criteria," including the *pro se* litigant's "ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation,

1

the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172; accord *Hendricks*, 114 F.3d at 392 (quoting *Hodge*, 802 F.2d at 61–62). "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and the Court should determine whether the *pro se* litigant's "position seems likely to be of substance," or shows "some chance of success." *Hodge*, 802 F.2d at 60–61.

With that in mind, Plaintiff's instant request for *pro bono* counsel cannot be granted at such an early stage in the litigation. The docket sheet indicates that this case was filed less than one year ago. The named Defendant has been served with the summons and Complaint but has not yet made an appearance in this matter. Thus, at this early stage in the proceedings, with no response submitted by any of the Defendants, the Court is unable to determine whether Plaintiff's position shows a strong chance of success or that the legal issues in this case are particularly complex. Additionally, the Court cannot conclude at this time that Plaintiff is unable to handle the case without assistance, although this conclusion may change as the action progresses. For present purposes, the Court has attached for Plaintiff's review a flyer with information on the New York Legal Assistance Group's *pro se* clinic for the Southern District of New York.

Therefore, being unable to determine whether any circumstances warrant the appointment of *pro bono* counsel at this early stage, the Court DENIES Plaintiff's motion without prejudice with leave to renew at a later stage in the proceedings. The Clerk of Court is directed to terminate the motion at ECF No. 11, mail a copy of this Order to Plaintiff at the address listed on ECF, and show service on the docket.

Dated: April 24, 2024
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Incarcerated Civil Litigants in Federal District Court

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students, and paralegals to assist those who are representing themselves or planning to represent themselves, including incarcerated litigants, in civil lawsuits in the Southern District of New York federal court, excluding habeas cases. The clinic is not part of or run by the court.

Even if a litigant has consulted with Clinic staff, unless they retain other counsel and that counsel enters a notice of appearance, they remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located in Room 105 of the Daniel Patrick Moynihan Courthouse, 40 Foley Square, New York, New York, or by following the court's instructions for filing via email as a pro se litigant.

## The Clinic Can:

- Assist with amending complaints and responding to motions to dismiss;
- Represent litigants for settlement purposes and, in limited circumstances, for depositions;
- Assist with written discovery;
- Recruit pro bono counsel for depositions and trial; and
- Assist with oppositions to summary judgment.

***Clinic staff cannot assist with habeas cases or criminal matters.***

NYLAG may also be unable to assist if it determines, in its professional legal judgement, that (i) you have refused to cooperate with the Clinic's counsel or follow the Clinic's advice; (ii) any assistance would be unreasonably difficult for NYLAG to carry out; or (iii) your case is or will become frivolous, unreasonable, groundless, or without merit.

## Contacting the Clinic:

To contact the clinic and request a copy of our retainer, please call (212) 659-6190 and leave a message or write to us at the following address:

> NYLAG Legal Clinic for Pro Se Litigants
> Thurgood Marshall Federal Courthouse
> Room LL22
> 40 Foley Square
> New York, NY 10007

Please mail a signed retainer back to the clinic at the above address. Once the paperwork is received, clinic staff will contact you. It may take up to two weeks.

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.

